UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
WILLIAM LANK                  :
                              :   Civ. No. 3:15CV00202(AWT)
v.                            :
                              :
WETHERSFIELD PUBLIC SCHOOLS   :   September 30, 2015
                              :
------------------------------x
```

<u>RULING and SCHEDULING ORDER</u>

A telephone case conference was held on the record on September 29, 2015, to discuss plaintiff's pending Motion to Compel and scheduling matters.

**<u>Plaintiff's Motion to Compel [Doc. #37]</u>**

The plaintiff has filed a motion to compel discovery responses from the defendant. Counsel for plaintiff asserted that as of the date of the motion, September 18, 2015, she had not received any responses or objections to the plaintiff's First Set of Requests for Production and Interrogatories, for which the response deadline was July 31, 2015. [Doc. 37] Counsel for the defendant produced an email showing that objections to the requests had been served on plaintiff's counsel on July 30, 2015 [Doc. #38]; plaintiff's counsel did not challenge the authenticity of the email, but stated that she had not received it. Counsel for the plaintiff stated that on September 23, 2015, she received defendant's responses to the requests. Counsel for

the plaintiff agreed at the conference that the defendant had made full compliance with the requests.

The Court granted the Motion to Compel during the conference, and took under advisement the plaintiff's request for an award of fees and costs.[1]

Rule 37 of the Federal Rules of Civil Procedure states, in relevant part:

> If the motion [to compel] is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Defendant argues that an award of fees is not warranted in this case because plaintiff did not make "a good faith effort" to confer prior to filing the motion in an effort to eliminate or reduce the area of controversy, and to arrive at a mutually

---

[1] Plaintiff's counsel did not provide a specific fee request or supporting documentation in the motion to compel.

satisfactory resolution, as required by both the Federal and
Local Rules of Civil Procedure.

The Federal Rules provide that a motion to compel "must
include a certification that the movant has in good faith
conferred or attempted to confer with the person or party
failing to make disclosure or discovery in an effort to obtain
it without court action." Fed. R. Civ. P. 37(a)(1). The District
of Connecticut's Local Rule is even more demanding of the moving
party. Local Rule 37 provides that a motion to compel shall not
be filed "unless counsel making the motion has conferred with
opposing counsel and discussed the discovery issues between them
in detail in a good faith effort to eliminate or reduce the area
of controversy, and to arrive at a mutually satisfactory
resolution." D. Conn. L. Civ. R. 37(a). Thus, while the Federal
Rule may be satisfied by an <u>attempt</u> to confer, the Local Rule
cannot. "A certification from a movant that he has merely
attempted to meet and confer with opposing counsel does not
satisfy the requirements of the Local Rules. Rather, under Local
Rule 37(a), a movant must confer with opposing counsel and must
discuss discovery disputes in detail and in good faith." <u>Doe v.
Mastoloni</u>, 307 F.R.D. 305, 313 (D. Conn. 2015).

"The purpose of the meet and confer requirement is to
resolve discovery matters without the court's intervention to
the greatest extent possible. Only those matters that remain

unresolved after serious attempts to reach agreement should be the subject of a motion to compel." <u>Myers v. Andzel</u>, No. 06CV14420(RWS), 2007 WL 3256865, at *1 (S.D.N.Y. Oct. 15, 2007). Here, plaintiff's counsel sent an email to defendant's counsel on August 18, 2015, and did not receive a response.[2] No further efforts were made to contact counsel for the defendant; counsel for the plaintiff confirmed at the hearing that she did not attempt to contact defendant's counsel by phone. Counsel did not confer, much less discuss the issues "in detail." Rather, plaintiff filed the Motion to Compel on September 18, 2015.

The Court finds that an award of fees and costs is not warranted on this record. As noted, Rule 37 of both the Federal and Local Rules require a good faith effort by moving counsel to confer with opposing counsel before filing a motion to compel. Plaintiff has not made that showing here. A single email, to which no response is received, is not sufficient to satisfy the Federal Rule and falls far short of satisfying the Local Rule. <u>See</u>, <u>e.g.</u>, <u>Saliga v. Chemtura Corp.</u>, No. 3:12CV832(VAB), 2015 WL 851849, at *2 (D. Conn. Feb. 26, 2015) ("The plaintiff's cursory communications fall short of meeting her obligation to meet and confer. Her effort was perfunctory. Counsel never had any meaningful dialogue.").

---

[2] Counsel for the defendant stated at the hearing that she did not recall receiving the email.

4

Accordingly, plaintiff's Motion for Costs and Fees **[Doc. #37]** is **DENIED**.

### Scheduling Order

During the conference, the parties and the Court also discussed the need for an updated scheduling order. The following deadlines are hereby set in this case, with the consent of the parties.

Discovery closes on **November 16, 2015.** The parties confirmed at the conference that they will complete all discovery by this deadline.

Plaintiff will provide any outstanding Rule 26(a) initial disclosures on or before **October 9, 2015.**

Plaintiff will provide responses to any other outstanding discovery on or before **October 19, 2015.**

Counsel for the plaintiff indicated an intent to notice the depositions of four witnesses; those notices will be issued forthwith to ensure the depositions will be completed before the November 16, 2015, deadline.

Counsel for the defendant indicated that she may need to conduct a continued deposition of plaintiff; any such continued deposition shall also be noticed forthwith and completed before November 16, 2015.

Dispositive motions, if any, shall be filed on or before **December 15, 2015.**

The parties shall contact the court **immediately** if issues arise that may impact these deadlines.

This is not a recommended ruling. This is a discovery ruling and case management order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven this 30th day of September 2015.

/s/
_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE